350 P.2d 851

### SOUTH KAMAS IRRIGATION COMPANY, a corporation, Plaintiff and Appellant,

v.

### PROVO RIVER WATER USERS' ASSOCIATION, a Corporation, Defendant and Respondent.

No. 9168.

Supreme Court of Utah.

April 7, 1960.

Clyde & Mecham, Salt Lake City, for appellant.

Joseph Novak, Fisher Harris, Salt Lake City, for respondent.

WADE, Justice.

Plaintiff South Kamas Irrigation Company appeals from a judgment dismissing its action on the ground that the United States is an indispensable party, but cannot be joined in this action because it has not consented to waive its sovereign immunity from this suit.

Both plaintiff and the defendant Provo River Water Users' Association are mutual water corporations. The Duchesne Tunnel was constructed and is still owned by the United States to carry water from the Duchesne River Basin into the Provo River as a part of the Provo River Reclamation Project. The tunnel is operated and controlled by the defendant under a contract with the Bureau of Reclamation as a part of the Provo River Reclamation Project and plaintiff is one of its stockholders. In addition to plaintiff being a stockholder in the defendant corporation, plaintiff has a state engineer approved application to appropriate 25 cubic feet per second of water from Little Deer Creek, a tributary of the Duchesne River, which it proposes to use near Kamas in the Provo River Basin. Such use would require that this water be brought by tunnel or other means from the Duchesne River Basin to the Provo River Basin under the mountain range which divides these two basins. Plaintiff obtained the state engineer's approval of this application under a representation that it would construct such a tunnel and with a showing of its financial ability to make such construction. This it has failed to do.

Later the United States constructed its tunnel to transport its water from the Duchesne River Basin to the Provo River. The plaintiff claims that only in the spring or high water season is that tunnel used to its full capacity, and in a season of scarce water, when plaintiff needs water most, there is ample room in the tunnel to carry the water of the United States and also plaintiff's water. The United States has filed a junior application to appropriate this same water covered by plaintiff's approved application, which the state engineer has not yet approved. The plaintiff claims that the records of the state engineer's office show that the Bureau of Reclamation has urged the state engineer to lapse plaintiff's approved application and approve the Bureau's junior application. Plaintiff concedes that without the use of the United States tunnel, since it has not built its own tunnel, it has no means of diverting this water to the beneficial use contemplated by its approved application, and that this water has been diverted and used by the defendant during the last several years.

Plaintiff brings this action for a declaratory judgment that it, as a mutual water corporation and as a stockholder in defendant mutual water corporation, has a right in common with other stockholders to use all of the water conveying facilities which defendant has in the tunnel as long as such use does not interfere with the use by the defendant or the use by the United States of such facilities. By its complaint plaintiff carefully limits its claimed rights to the rights as between the plaintiff and the defendant without asking for any relief against the United States or an adjudication of the rights between the United States and the defendant under the contract between them, whereby the defendant is authorized to operate this project. In view of its narrow limited claim against defendant, plaintiff claims that the United States is not an indispensable party to this controversy.

Plaintiff recognizes that a judgment in its favor for the relief sought against the defendant would not in itself be sufficient to require the defendant to allow it to use this tunnel to carry its water in the absence of consent thereto by the United States. Plaintiff does not rely on the United States' reversing its position merely on account of a judgment on this question in its favor against the defendant. It, however, contends that if it is awarded the judgment it seeks, it then could bring an action in the Federal Court for a construction of the contract between defendant and the United States which would require the United States to allow plaintiff to use this tunnel. Plaintiff hopes that through this indirect method it will be able to sue the United States and thereby obtain a construction of this contract between the United States and defendant which will require the United States to allow plaintiff to use the tunnel.

228

Neither the problem of whether plaintiff is entitled to the judgment it seeks, nor the problem of whether the plaintiff could sue the United States in the Federal Court and thereby obtain a construction of the government contract with the defendant are before us for decision in this case. So in our discussion in this opinion of these problems we do not decide either of those claims, nor intend to indicate any opinion on the validity of plaintiff's contention thereon. We merely, for argument's sake, assume the validity of plaintiff's argument for the purpose of this decision without in any way indicating whether we think such claims are valid or not.

 If a useful purpose will be served by litigation between two parties, the fact that it would be more effective if an additional party could be joined does not mean that the third party is indispensable. Here, however, this suit can have no direct effect as between the parties without joining the United States. The judgment which plaintiffs seeks against the defendant could not be enforced against it without enforcing it against the United States, for it cannot use the tunnel without the enforced consent of the United States. Plaintiff's only hope is that under the judgment which it seeks it can start another suit to enforce as a stockholder in the defendant the rights of the defendant against the United States under the contract between the defendant and the United States and thus gain the right to divert and acquire the water rights which plaintiff has applied for. Thus plaintiff seeks by indirection and a multiplicity of actions eventually to sue the United States, although it concedes that sovereign immunity prevents it from directly maintaining such an action. In view of the fact that the judgment which plaintiff seeks against the defendant cannot be enforced against it without enforcing it against the United States, the United States is an indispensable party to this action and its sovereign immunity should be upheld.[1]

Judgment affirmed with costs to respondent.

CROCKETT, C. J., and HENRIOD, McDONOUGH and CALLISTER, JJ., concur.

1. See 3 Moore's Fed.Pract., Ch. 19, p. 2101, especially paragraphs 19.02, 19.07, 19.15, 19.19, 21.04 and 21.05.